NOT FOR PUBLICATION                                    (Docket Nos. 18, 22)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                          :
MICHAEL ALLAH,                            :
                                          :
                    Plaintiff,            :       Civil No. 07-2916 (RBK)
                                          :
          v.                              :       **OPINION**
                                          :
MHSM, Inc., et al,                        :
                                          :
                    Defendants.           :
_____        :

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendant Morris Schimmel, M.D.

("Dr. Schimmel") for summary judgment on the Complaint of Plaintiff Michael Allah

("Plaintiff") and upon a motion by Defendants Juel E. Cole, Ramonita Ortiz, the Burlington

County Board of Chosen Freeholders, Lt. Larkins, Lt. Swoops, Sgt. Reid, and Sgt. Mumard

(collectively "the Burlington County Defendants") for summary judgment on Plaintiff's

Complaint.  Plaintiff, proceeding pro se, filed this action alleging medical malpractice and a

violations of 42 U.S.C. § 1983.

I.      **BACKGROUND**

Plaintiff was an inmate at the Burlington County Jail when he filed the instant action and

previously had been an inmate at the jail.  Defendant Dr. Schimmel is a psychiatrist contracted to

provide medical services to inmates at the Burlington County Jail.  Dr. Schimmel met with and

treated Plaintiff at various times during each instance of Plaintiff's confinement at Burlington County Jail.  Plaintiff requested medication for anxiety, and Dr. Schimmel avers that he prescribed medication for Plaintiff.  Dr. Schimmel certifies that he saw Plaintiff on eight occasions between May 10, 2007 and August 22, 2007, and that he adjusted Plaintiff's medications several times during that period.

Following an order conditionally granting Plaintiff's request to proceed in forma pauperis, Plaintiff's Complaint was filed on July 9, 2007.  Plaintiff alleges that he was denied medication that he began taking in 1971 for a history of psychological problems.  He avers that he has anxiety attacks and that he came close to assaulting a prisoner.  He further avers that he spend 17 years in prison in Pennsylvania for an aggravated assault that occurred when he was not taking his medication, and before that he spent nine years in prison in Pennsylvania for aggravated assault on a corrections officer while not taking his medication.  The Complaint alleges that Plaintiff fears that not receiving his medication will get him into further trouble. Plaintiff additionally contends that an anxiety attack caused him to break his glasses.

Plaintiff avers that at various times he was denied access to the grievance system for prisoners by not being given the proper forms on which to file his grievances.

Plaintiff represents that he has glaucoma, cataracts, and suffers from daily migraines as a result of his eye problems.  He contends that he did not receive medical attention for his eye problems, and that his eyesight deteriorated as a result.  Plaintiff alleges that he was told that he could not use the grievance procedure to complain about not getting new eyeglasses.

Plaintiff seeks monetary and injunctive relief against all defendants.[1]

The Burlington County Defendants answered the Complaint on August 7, 2007, and filed the instant motion on March 26, 2008.  Defendant Dr. Schimmel filed an Answer to the Complaint on September 14, 2007, and filed the instant motion on March 11, 2008.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party."  Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the

---

[1]A search of the New Jersey, Pennsylvania, and federal offender listings suggests that Plaintiff is no longer incarcerated.  As such, injunctive relief is not appropriate.

nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III.   ANALYSIS

### A.   Motion for Summary Judgment By Defendant Dr. Schimmel

#### 1.   Medical Malpractice Claim

Plaintiff has failed to meet the requirements to maintain his state medical malpractice claim against Dr. Schimmel, so Dr. Schimmel is entitled to summary judgment.

In 1995, the New Jersey legislature passed the Affidavit of Merit Statute ("Statute"). See N.J. Stat. Ann. 2A:53A-26-29. The legislature intended the Statute to "require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious" so that frivolous claims can "be identified at an early stage of litigation." In re Petition of Hall, 688 A.2d 81, 87 (N.J. 1997). The Statute requires plaintiffs seeking damages for personal injuries "resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation," to provide an "affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised . . . in the treatment . . . that is the subject of the complaint fell outside acceptable . . . treatment practices." N.J. Stat. Ann. 2A:53A-27. The affidavit must be provided within 60 days of the defendant's filing of the answer. Id.

The Statute provides that if a plaintiff does not provide the affidavit of merit within the prescribed time frame, a court should deem it a failure to state a claim. N.J. Stat. Ann.

2A:53A-29.  The Supreme Court of New Jersey stated that dismissal for failure to provide an affidavit as required by the Statute should be with prejudice in all but "extraordinary circumstances."  <u>Cornblatt v. Barow</u>, 708 A.2d 401, 415 (N.J. 1998).  What constitutes "extraordinary circumstances" is a fact-sensitive analysis.  <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 162 (3d Cir. 2000) (<u>quoting</u> <u>Hartsfield v. Fantini</u>, 695 A.2d 259, 263 (1997)).  For a plaintiff to establish "extraordinary circumstances," the court must determine that the failure to provide the affidavit did not arise from the attorney's mere carelessness or lack of proper diligence.  <u>Chamberlain</u>, 210 F.3d at 162 (<u>quoting</u> <u>Hartsfield</u>, 149 N.J. at 263).

In this case, Plaintiff did not file an affidavit of merit within 60 days of Defendants filing the Answer.  Nor did Plaintiff establish "extraordinary circumstances" to excuse his failure to file and avoid dismissal with prejudice.  Although Plaintiff did not file papers opposing either of the Defendants' motions for summary judgment, the Court notes that Plaintiff's status as a pro se litigant does not excuse his failure to file an affidavit of merit.  <u>See</u> <u>Lee v. Thompson</u>, 163 F.App'x 142, 144 (3d Cir. 2006).  Although the Court has an "obligation to liberally construe a pro se litigant's pleadings, 'ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline.' " <u>Id.</u> (<u>quoting</u> <u>Hyman Zamft and Manard v. Cornell</u>, 309 N.J.Super. 586, 593 (App. Div. 1998)).

The Court finds that Plaintiff failed to file an affidavit of merit as required under New Jersey law.  The Court further finds that the Plaintiff did not establish "extraordinary circumstances" that would adequately excuse his failure to file.  As a result, Dr. Schimmel's motion for summary judgment on Plaintiff's state law-based medical malpractice claim will be granted.

**2.      § 1983 Claim**

Plaintiff has failed to meet the requirements to maintain his § 1983 claim[2] against Dr. Schimmel, so Dr. Schimmel is entitled to summary judgment.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A physician under contract with a state prison acts under the color of state law when he treats an inmate. Id.

Prisoners have a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment. The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346,

---

[2]Although Plaintiff does not specifically assert the Constitutional basis for his § 1983 claim, the Court infers from Plaintiff's allegations concerning his treatment by Dr. Schimmel that his claim is grounded in the Eighth Amendment.

347.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."  Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  "Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  Rouse, 182 F.3d at 197.  However, a refusal to consider an inmate's self-diagnosis or treatment plan does not amount to cruel and unusual punishment.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth Amendment claims).

A doctor's decision not to supply his inmate-patient with all those medical services that the patient desires or believes to be proper cannot amount to a constitutional violation.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Gatewood v. Hendrick, 368 F.2d 179 (3d Cir. 1966), cert. denied, 386 U.S. 925 (1967) (prisoner who did not claim that he was denied any medical care but rather that he received only inadequate medical care, and gave no indication that he sustained serious physical injury as result of alleged inadequate treatment, failed to state claim for relief); see also Alsina-Ortiz v. Laboy, 400 F.3d 77 (1st Cir. 2005) (a doctor's failure to respond to certain request for services by the inmate, in context of the doctor's continued and regular services, did not deprive the inmate of a

meaningful treatment); <u>Hyde v. McGinnis</u>, 429 F.2d 864 (2d Cir. 1970) (a difference of opinion between physician and patient did not sustain a claim under § 1983; the conduct must be so harmful that it should be characterized as a barbarous act that shocked the conscience); <u>Church v. Hegstrom</u>, 416 F.2d 449 (2d Cir. 1969) (mere negligence does not suffice to support a § 1983 action); <u>Goff v. Bechtold</u>, 632 F.Supp. 697 (S.D.W.Va. 1986) (denial of preferred course of treatment does not infringe Constitutional rights).

In this case, Plaintiff alleges that Dr. Schimmel "refused to issue proper dose of medication!" Pl. Compl. at 7.  Dr. Schimmel is a psychiatrist who works at the Burlington County Jail under a contract to provide medical services, so when treating Plaintiff he was acting under the color of state law.   However, Plaintiff's allegation that Dr. Schimmel refused to issue proper dosage of Plaintiff's medication, is not actionable under § 1983, but rather sounds in tort and would be more properly asserted as a medical malpractice claim.  Therefore, Defendant Dr. Schimmel is entitled to summary judgment on Plaintiff's § 1983 claim.

**B.     Motion for Summary Judgment By the Burlington County Defendants**

The Burlington County Defendants move for summary judgment on Plaintiffs' Complaint on four grounds: that Plaintiff's claims regarding his medical care do not allege facts that rise to the level of deliberate indifference; that Plaintiff's state law claims are not based upon a permanent loss; that Plaintiff has no evidence of retaliation against him; and that Plaintiff has no evidence that he was discriminated against on the basis of his religious affiliation.

**1.     § 1983 Claims**

      Plaintiff has failed to meet the requirements to maintain his § 1983 claims[3] against the Burlington County Defendants, so the Burlington County Defendants are entitled to summary judgment.

      "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  As described in detail herein, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

      In this case, Plaintiff alleges that the Burlington County Defendants were involved in preventing him from receiving proper medical care.  The Burlington County Defendants acted, in their professional capacity, under the color of state law.   However, Plaintiff's allegation that the Burlington County Defendants were involved in preventing him from receiving proper medical care is rooted in the same allegations Plaintiff pursues against Dr. Schimmel, that he was refused the "proper dosage" of medication.  For the reasons discussed at length herein, such a claim is not actionable under § 1983.  Therefore, the Burlington County Defendants are entitled to summary judgment on Plaintiff's § 1983 claim against them.

### 2.  State Law Claims

      Plaintiff may not collect pain and suffering damages against the Burlington County

---

[3]Although Plaintiff does not specifically assert the Constitutional basis for his § 1983 claim, the Court infers from Plaintiff's allegations concerning his medical care that his claim is grounded in the Eighth Amendment.

Defendants with respect to his state law tort claims.

The Burlington County Defendants argue that the New Jersey Tort Claims Act requires that Plaintiff's state law claims fail in their entirety.[4]  Defendants misconstrue the statute, as it only prohibits Plaintiff from recovering pain and suffering damages against the Burlington County Defendants.  The relevant provision of the New Jersey Tort Claims Act reads:

> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

N.J. Stat. Ann. 59:9-2.  Because Plaintiff has not alleged that he suffers any permanent loss of a bodily function nor permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00, pain and suffering damages are not available to him.  The Burlington County Defendants' summary judgment motion will therefore be granted with respect to Plaintiff's demand for pain and suffering damages.

### 3.      Retaliation Claim

The Burlington County Defendants argue that Plaintiff has no evidence that he was retaliated against by the Burlington County Defendants.  Also, they aver that Plaintiff has not responded to discovery requests regarding the alleged retaliation.  Plaintiff did not respond to the Burlington County Defendants' motion for summary judgment, presenting no evidence contrary to Defendants' assertion.  Accordingly, this Court will grant the Burlington County Defendants'

---

[4]The Court notes that the Complaint does not explicitly raise state law tort claims against the Burlington County Defendants, but the Court will consider Defendants' motion with respect to the statutory prohibition on punitive damages applicable under the provision cited by Defendants.

motion for summary judgment as to the retaliation claim against Defendants.

### 4.   Discrimination Claim

The Burlington County Defendants argue that Plaintiff has no evidence that he was discriminated against by Defendants based upon Plaintiffs' religious affiliation.  Also, the Burlington County Defendants aver that Plaintiff has not responded to discovery requests regarding the alleged discrimination.  Plaintiff did not respond to the Burlington County Defendants' motion for summary judgment, presenting no evidence contrary to Defendants' assertion.  Accordingly, this Court will grant the Burlington County Defendants' motion for summary judgment as to the claim that the Burlington County Defendants discriminated against Plaintiff based upon his religious affiliation.

## IV.   CONCLUSION

Based upon the foregoing, Dr. Schimmel's motion for summary judgment will be GRANTED, and the Burlington County Defendants' motion for summary judgment on Plaintiff's § 1983, retaliation, and discrimination claims, as well as Plaintiff's claim for pain and suffering damages will be GRANTED.  The accompanying Order shall issue today.


Dated:   12-2-08                                           /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge

11